IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN DVAUGHN BUFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:16-CV-8093-KOB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on petitioner Kevin Dvaughn Buford's "Motion to Vacate, Set Aside, or Vacate [sic] Sentence under Title 28 U.S.C. § 2255(F)(3), in Light of *Johnson*." (Doc. 1).

In his motion, Mr. Buford claims that this court should vacate his sentence based on the United States Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (June 26, 2015). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.[1] Mr. Buford claims that *Johnson* invalidates his conviction under 18 U.S.C. § 924(c) because he says "the predicate crime for [his] § 924(c) conviction no longer qualif[ies] as a 'crime of violence.'" (Doc. 1 at 2).

---

1. The Supreme Court recently granted certiorari in *Beckles v. United States*, to decide whether *Johnson* applies retroactively to collateral challenges to federal sentences enhanced under § 4B1.2(a)(2)'s residual clause and whether *Johnson's* constitutional holding applies to that residual clause. 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544)).

On July 1, 2016, the court ordered the Government to show cause in writing why the court should not grant Mr. Buford's motion to vacate. (Doc. 2). In its response, the Government argues that *Johnson* does not apply in Mr. Buford's case because the court did not sentence him under the residual clause of the ACCA or classify him as a career offender under the Sentencing Guidelines. Moreover, the Government argues that "[e]ven assuming (without conceding) that *Johnson* somehow impacts the term 'crime of violence' as used within § 924(c)(1)(A), such a conclusion would have no impact on Buford . . . because he was not convicted of possessing a firearm in furtherance of a *crime of violence*. Instead, he was convicted of possessing a firearm in furtherance of a *drug trafficking crime*." (Doc. 4 at 3) (citing Doc. 18 in Buford's criminal case, 2:04-cr-175-KOB-SGC). Because *Johnson* does not apply and provides no basis for a timely motion under 28 U.S.C. § 2255(f), the Government maintains that Mr. Buford's motion to vacate is untimely because it comes more than a decade after his conviction became final in 2005. (Doc. 4 at 2).

On August 2, 2016, the court ordered Mr. Buford to show cause in writing why the court should not deny the relief he requests because the holding and reasoning in *Johnson* do not apply in his case making his motion to vacate untimely. (Doc. 5). In his response to the show cause order, Mr. Buford attached "Exhibit-A," to support that his conviction under § 924(c) involved a "crime of violence," presumably to show that *Johnson* some how applied to his case. That exhibit is the first page of the docket sheet for his criminal case that shows one of his "Pending Counts" as

"18:924(c)(1)(A) *VIOLENT CRIME*/DRUGS/MACHINE GUN(2)." (Doc. 6 at 7) (emphasis added).

However, what Mr. Buford misunderstands is that a conviction under § 924(c)(1)(A) can be for possessing a firearm in furtherance of a "crime of violence" *or* a "drug trafficking offense." The description of all the possible crimes under § 924(c)(1)(A) on the front page of the docket sheet does not change the fact that Mr. Buford was convicted of possessing a firearm in furtherance of a drug trafficking crime, *not* a crime of violence. *See* (Docs. 1 & 18 in 2:04-cr-175-KOB-SGC). Mr. Buford was indicted for and pled guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c)(1)(A)(I). See id.

Even if *Johnson* were to arguably impact the definition of a "crime of violence" under § 924(c)(1)(A), that impact would have no bearing on Mr. Buford's case because his conviction did not in any way involve a crime of violence. *See In re Hester*, Doc. 160 in 4:03-cr-535-KOB-TMP (11th Cir. July 19, 2016) (Eleventh circuit denied application to consider a second or successive motion to vacate on grounds that *Johnson* does not affect Hester's conviction for using and carrying a firearm "in furtherance of a drug trafficking crime."). Mr. Buford's response to the show cause order does nothing to counter this truth.

Because the court did not sentence Mr. Buford under the residual clause of the ACCA or classify him as a career offender under the Sentencing Guidelines, and because his conviction under 924(c)(1)(A) did not in any way involve a "crime of

violence," the court finds that the holding in *Johnson* does not apply in Mr. Buford's case and cannot serve as grounds to extend his one-year statute of limitations under 28 U.S.C. § 2255(f). As such, his habeas petition is untimely and should be dismissed as time-bared.

The court will enter an Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 8th day of December, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE